UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN C. BABCOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 09-11713-PBS |
| PETER PEPE, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION ON PETITION FOR
# WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

February 14, 2011

DEIN, U.S.M.J.

## I.  INTRODUCTION

The petitioner John Babcock was sentenced by the United States District Court for the District of Vermont to 30 years on charges of kidnapping during a bank robbery and five years for use of a firearm during the commission of a crime of violence.  He was subsequently sentenced on five Massachusetts state charges to from nine to ten years on four of the counts, and to from three to five years on the remaining count, with all of the state sentences to be served concurrently.  By his instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Babcock is challenging a ruling by the Massachusetts Appeals Court that the State sentences were not to begin to run until after Babcock had served the aggregate of his federal sentences.  Under this calculation, Babcock is not be to released until March 12, 2012.  It is Babcock's contention that his state sentences should have run concurrently with whichever of his federal sentences he was serving at

the time his state sentences were imposed. If Babcock is correct, he should have been released prior to his filing of the instant habeas petition.

In his habeas petition, Babcock contends that the Appeals Court made an unreasonable determination of facts in concluding that the state sentencing judge had intended petitioner's sentence to run consecutively to the aggregate of the previously-imposed federal sentences. However, as detailed herein, Babcock has alleged only an error of state law, which is not cognizable in his federal habeas petition. Moreover, even if this court were to reach the merits of his claim, Babcock has not met the high burden of establishing that the Appeals Court's findings of fact were unreasonable. Therefore, and for all the reasons detailed herein, this court recommends to the District Court to whom this case is assigned that Babcock's petition for a writ of habeas corpus (Docket No. 1) be DENIED.

## II. STATEMENT OF FACTS[1]

On July 28, 1987, Babcock pleaded guilty in the United States District Court for the District of Vermont to charges of kidnapping during a bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a), (e), and use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1). In re Babcock, 71 Mass. App. Ct. 687,

---

[1] The respondent has filed a Supplemental Answer ("SA") (Docket No. 10) containing the record below. Under 28 U.S.C. § 2254(e)(1), the state trial and appellate courts' findings of facts are entitled to a presumption of correctness. See Gunter v. Maloney, 291 F.3d 74, 76 (1st Cir. 2002); Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002). Unless otherwise indicated, the facts are undisputed.

688, 885 N.E.2d 853, 854 (2008). He was sentenced to 30 years on the bank robbery/kidnapping charges, for which he was eligible for parole, and a consecutive sentence of five years on the § 924(c) firearm charge, for which he was not eligible for parole. Id. At that time, the Federal Bureau of Prisons ("BOP") required prisoners to serve their § 924(c) non-parolable sentences before serving any parolable sentence, regardless of the orders of the sentencing court. Id. Therefore, Babcock was first considered to be serving his five-year non-parolable sentence upon his incarceration. Id.

On May 3, 1988, Babcock was sentenced in the Massachusetts Superior Court on five counts: two counts of breaking and entering a building in the nighttime with intent to commit a felony in violation of Mass. Gen. Laws ch. 266, § 16; possession of burglarious instruments in violation of Mass. Gen. Laws ch. 266, § 49; armed robbery and unlawful possession of a firearm in violation of Mass. Gen. Laws ch. 269, § 10. Id. at n.2. He was sentenced to from nine to ten years on four of the counts, and to from three to five years on the remaining count, with all of the state sentences to be served concurrently. Id. at 688, 885 N.E.2d at 854. Although the language is slightly different in each sentence, "in each instance, the mittimus referred to a Federal sentence being served at the time of imposition of the State sentences as the point of reference from which commencement of the concurrent State sentences would take place." Id. See, e.g., SA 221 (armed robbery sentence (No. 82882) to run "from and after Federal Sentence deft is presently serving"); SA 222 (firearm sentence (No. 82884) to be "from and after Federal sentence deft. is presently serving imposed on 7/28/87 in Federal District Court of Vermont and concur-

rent with sentence in 82882"); SA 223 (breaking and entering sentence (No. 79867) to be "from and after sentence now serving imposed on 7/27/87 in Federal District Court of Vermont and concurrent with sentence in 82882 and 82884").

In 1987, the United States Supreme Court ruled that the BOP's practice of requiring that non-parolable sentences under 18 U.S.C. § 924(c) be served first unlawfully conflicted with the statutory authority of federal trial judges to determine the order that sentences are to be served. See United States v. Gonzales, 520 U.S. 1, 6-8, 117 S. Ct. 1032, 1035-37, 137 L. Ed. 2d 132 (1997). Consequently, the BOP revised its policy retroactively so that sentences would be served in the sequence specified in the judgment and commitment order. Babcock, 71 Mass. App. Ct. at 689, 885 N.E.2d at 855. In Babcock's case, that resulted in his incarceration being deemed to have commenced with the 30 year sentence (or whatever portion of that sentence he actually served as a result of parole or other offsets), then followed by the five-year sentence (or that portion actually to be served after credits were applied). Id. As a result, Babcock was paroled from his 30 year sentence on February 26, 2003, at which time he began serving his five year federal sentence. Id. Babcock was transferred to the custody of the Massachusetts Department of Correction ("DOC") and began serving his state sentences on May 4, 2006, after he had completed his federal sentence, including good time credits. Id. & n.4. His expected release date, including good time credits, was recorded as January 17, 2009. Id. This was based on the assumption that the state sentences would commence once the first federal sentence, i.e., the 30 year sentence, was completed, and that the state

sentences would run concurrent with the second federal sentence (the five year sentence). Id. at 690 n.6, 885 N.E.2d at 856 n.6. This was subsequently amended as detailed below.

Shortly after his transfer to DOC custody, Babcock, on August 24, 2006, filed a petition for a writ of habeas corpus in state court. See SA 3. Therein, he contended that the state sentencing judge had intended that the concurrent state sentences he imposed were to commence "from and after" the five-year sentence that he was then deemed to have been serving, and that the state sentences were to run concurrently with the subsequent 30 year federal sentence. Babcock, 71 Mass. App. Ct. at 689-90, 885 N.E.2d at 855. Under this scenario, his "State sentences would have been completed in 1996, his Federal sentences would have been completed when he was paroled from the subsequent thirty-year sentence, and he would therefore be eligible for immediate release from State custody." Id. at 690, 885 N.E.2d at 855.

The DOC opposed Babcock's habeas petition. In so doing, it recalculated his release date to March 12, 2012. Id. at 690, 885 N.E.2d at 856. "This was based on the department's view that the State sentences could commence only after the petitioner had served both Federal sentences because, among other things, the State sentencing judge had not stated explicitly that the State sentences were to be served concurrently with any portion of the Federal sentences, thereby requiring that the date of commencement of the State sentences be changed from February 26, 2003 (the date of release from the thirty-year Federal sentence) to May 4, 2006 (the date of release from the five-year Federal sentence). Id. at 690-91, 885 N.E.2d at 856 (footnote omitted). On January 12, 2007, the

state court judge dismissed the habeas petition on the merits. SA 6. As the Appeals Court explained:

> In doing so, [the judge] stated in dictum that the Federal sentences imposed on the petitioner in 1987 appeared to be interdependent, and therefore should be aggregated for the purpose of determining commencement of the State sentences. In the final analysis, however, he based his ruling exclusively on the proposition that, whether the Federal sentences were viewed in the aggregate, or only service of the thirty-year sentence was considered, the State sentences would have commenced at the earliest in February, 2003. If so, the petitioner's presumptive release date would take place in January, 2009, he was not presently eligible for immediate release, and a writ of habeas corpus could not issue.

Babcock, 71 Mass. App. Ct. at 691, 885 N.E.2d at 856.

## The Appeals Court Decision

The Appeals Court affirmed the dismissal of Babcock's habeas petition, albeit under a different analysis than the Superior Court judge. Thus, in a decision dated May 8, 2008, the Appeals Court found that the order in which Babcock was to have served his federal sentences was irrelevant, because "the State sentences were intended to be served from and after completion of the Federal sentences in the aggregate." Id.[2] It reached this conclusion based both on sentencing law and on the sentencing record.

Specifically, the Appeals Court ruled that at the time of Babcock's firearm conviction under 18 U.S.C. § 924(c)(1), the statute provided that the sentence for using a

---

[2] Babcock's application for further appellate review was denied by the Massachusetts Supreme Judicial Court on October 2, 2008. Babcock v. Superintendent, 452 Mass. 1105, 896 N.E.2d 630 (Table) (2008).

firearm in relation to a crime of violence was five years of imprisonment "in addition to the punishment provided for such crime of violence[.]" "The statute has been interpreted to require '*an aggregate sentence* some five years longer than that which would have resulted from the underlying . . . offense[.]'" Babcock, 71 Mass. App. Ct. at 692, 885 N.E.2d at 857 (internal citation omitted). Thus, the Appeals Court ruled,

> [w]hile the United States Supreme Court has determined that the statute creates a separate offense distinct from the underlying felony, thereby ultimately requiring a fact finder to decide whether the elements necessary to warrant conviction have been satisfied, see *Castillo v. United States*, 530 U.S. 120, 124, 120 S. Ct. 2090, 147 L. Ed. 2d 94 (2000), the decision was not intended to alter the purpose of the statute, i.e., to provide a penalty additional to the sentence imposed for the underling offense.
>
> Thus, the long-standing view of the Federal courts that sentences imposed under § 924(c) and an underlying felony should be seen as "interdependent" or a "package" remain intact.

Babcock, 71 Mass. App. Ct. at 692, 885 N.E.2d at 857, and cases cited.

Based on this principle of law, and the language used by the sentencing judge, the Appeals Court concluded that the state sentences were to be served on and after the aggregate of the federal sentences. As the Appeals Court held:

> Once we are satisfied, which we are, that the Federal sentences imposed in 1987 are to be considered interdependent and aggregated, we are in turn persuaded that the State judge imposing sentences in 1988 intended that those sentences be served "from and after" the total of the aggregated Federal sentences. At no time did the judge state, nor was it stated in any mittimus, that he intended that any portion of the State sentences by served concurrently with any portion of the Federal sentences. The word "concurrent" appears in the State sentencing dispositions only in connection with the other State sentences. Had it in fact been the State judge's

intention to confer on the petitioner the benefit that he posits, i.e. that his incarceration pursuant to the State sentences not exceed the time he would serve under the Federal sentences, the judge would surely have so indicated by identifying expressly in what way the Federal and State sentences would operate concurrently. That he referred only to the Federal "sentence" in the singular suggests to us only that he perceived the thirty-year sentence and the five-year enhancement to be a single sentence for his purposes. See *Carlino v. Commissioner of Correction*, 355 Mass. 159, 161, 243 N.E.2d 799 (1969) (sentencing judge's use of singular form of "sentence," reasonably construed, referred to plural form where sentences were for all practical purposes one sentence).*

> *In reaching this conclusion, we do not rely on the affidavit of the assistant district attorney who represented the Commonwealth at sentencing, wherein she states that the only document that "would have been" before the State sentencing judge was a "certificate of inmate status" from the bureau that identified the term of the petitioner's commitment as thirty-five years. That certificate appears to have been used by the bureau in connection with parole eligibility, and sheds little light on whether the State sentencing judge viewed the Federal sentences as aggregated. Likewise, even if we credit (in the absence of a transcript) the representation of the petitioner that he explained to the judge that his Federal sentences were separate, we have no basis for assuming that the judge was persuaded.

Babcock, 71 Mass. App. Ct. at 693-94 & n.8, 885 N.E.2d at 858 & n.8. The Appeals Court concluded that since the state sentences did not begin to run until the aggregate of the federal sentences had been served, Babcock was not entitled to immediate release from custody and that, therefore, his habeas petition was properly denied.

**The Affidavit**

Babcock filed his instant habeas petition on October 14, 2009. He contends that the Appeals Court erred in relying on case law interpreting federal sentences imposed

-8-

under the Federal Sentencing Guidelines that affected crimes committed after 1986, because his crimes were committed in 1986, and he was not sentenced under the Guidelines. Pet. (Docket No. 1) at 4. In addition, he contends that the Appeals Court improperly disregarded the affidavit filed by the Assistant District Attorney present at the state sentencing. Therein, the ADA swore that "[t]here is no evidence that Judge Sheehan [the sentencing judge] was aware of even considering the parole regulations or any other aspects of the defendants' Federal sentence beyond the clear terms of the sentence, namely 30 years with five years from and after" which attestation, according to Babcock, "undercuts the appeals courts' conclusion the sentencing judge was persuaded by case law that petitioner was serving an aggregate, single thirty-five year Federal sentence." Id. This argument is not persuasive.

In connection with its opposition to Babcock's state habeas petition, the DOC filed an affidavit dated April 28, 2006 signed by Jeanne L. Holmes, the Assistant District Attorney who had represented the Commonwealth at the time of Babcock's plea and sentencing in 1988. SA 254-65 ("Affidavit").[3] It was ADA Holmes' contention that the sentencing judge intended that the state sentences begin to run after all of the federal sentences had been served. See, e.g., Affidavit at ¶ 12 ("If Judge Sheehan intended for the state prison sentence to be served from and after only the five year portion of the federal sentence imposed on July 28, 1987, he would have stated that and the record

---

[3] The certificate of inmate status referenced by the Appeals Court in fn. 8 quoted above was attached to the Supplemental Affidavit of the same date filed by ADA Holmes. SA 263-65.

would reflect his intention. In fact, the mittimus for Indictment #82884 suggests it was Judge Sheehan's intention that the state prison sentence be served from and after the entire federal sentence that was imposed on July 28, 1987, not just one portion of the federal sentence"); ¶ 13 ("The Commonwealth asserts that if Judge Sheehan intended that the state prison sentence be concurrent with the federal sentence or any part thereof, he would have ordered it to be concurrent"). The paragraph on which Babcock relies reads in relevant part as follows:

> The Commonwealth asserts that the true state of affairs is that on July 28, 1987, the defendant was sentenced to thirty years in federal prison on kidnapping during bank robbery charge (count 4 of federal judgment) and a five year federal sentence on and after the afore-mentioned thirty year sentence for the use of firearm during robbery charge (count 5 of federal judgment). The judgment order does not make any mention of paroleable, nonparoleable or federal sentencing guidelines in place at the time of the sentence. The Commonwealth does not believe it was discussed or contemplated by any of the parties to the proceeding at the time nor by Judge Sheehan at the time of sentencing. <u>The Commonwealth and sentencing judge were aware the defendant had a 30 year federal sentence and then a five year federal sentence on and after. If the court wanted to make any of the Massachusetts sentence concurrent with one or both of the federal sentences, the court would have said so and the mittimus would reflect that intention</u>. On the contrary, the mittimus clearly says 9-10 years from and after the federal sentence the defendant is presently serving.

Affidavit ¶ 7 (emphasis added).[4] Thus, although not discussed by the Appeals Court, the Affidavit was consistent with the Appeals Court decision.

---

[4] The ADA also cited to a pleading by Babcock's counsel in 1988 which indicated an understanding that, at a minimum, he was serving the 30 year sentence first. Affidavit ¶ 8.

Additional facts will be provided below where appropriate.

### III. ANALYSIS

#### A. Standard of Review

##### 1. AEDPA Generally

The standard of review to be applied to Babcock's habeas corpus petition is set forth in 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under this standard, a federal habeas court may not grant a writ of habeas corpus unless the underlying state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

As the United States Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" Clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts ... The court may grant relief under the "unreasonable application"clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.

Bell v. Cone, 535 U.S. 685, 694 122 S. Ct. 1843, 1850, 152 L. Ed. 2d 914 (2002).

With respect to factual findings, "the AEDPA sets out a separate and exacting standard applicable to review of a state court's factual findings." Pike v. Guarino, 492

F.3d 61, 68 (1st Cir. 2007) (citing, inter alia, 28 U.S.C. § 2254(e)(1)). Thus, there is a presumption that factual findings by the state court are correct, and the habeas court must defer to such findings. Sanna v. Dipaolo, 265 F.3d 1, 10 (1st Cir. 2001). "[A] habeas petitioner can rebut this presumption by adducing 'clear and convincing evidence'" that convinces the habeas court "that the underlying state court's adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' [28 U.S.C.] § 2254(d)(2)." Id. See also Teti v. Bender, 507 F.3d 50, 57 (1st Cir. 2007) (petitioner bears the burden of overcoming the presumption of correctness by providing 'clear and convincing evidence' of the error).

Applying these principles to the instant case compels the conclusion that Babcock's petition for a writ of habeas corpus must be denied.

**B.      Habeas Relief Does Not Lie for Errors of State Law**

As an initial matter, Babcock's petition for a writ of habeas corpus must fail, because he has only alleged errors of state law. "Federal habeas is not an ordinary error-correcting writ." Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989). Rather, it "exists to rescue those in custody from the failure to apply federal rights, correctly or at all." Id. Thus, habeas relief is only available if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[,]" it "does not lie for errors of state law." Swarthout v. Cooke, 131 S. Ct. 859, 861, 2011 WL 197627, at *2 (S. Ct. Jan.

24, 2011) (internal quotations and citations omitted).  Here, Babcock cannot establish a federal right in having his state sentence run concurrently with his federal sentence.

It is well established that a "person who has violated the criminal statutes of both the federal and a state government may not complain of the order in which he is tried or punished for such offenses."  Strand v. Schmittroth, 251 F.2d 590, 610 (9th Cir. 1957) (quoting Vanover v. Cox, 136 F.2d 442, 443-44 (8th Cir. 1943)).  Moreover, a defendant has no constitutional right to serve state and federal sentences in any order, or to serve sentences concurrently instead of consecutively.  See, e.g., Ponzi v. Fessenden, 258 U.S. 254, 264-65, 42 S. Ct. 309, 312, 66 L. Ed. 607 (1922) (prisoner serving federal sentence may be prosecuted for state crime, and sentences may be imposed consecutively); Oses v. United States, 833 F. Supp. 46, 54-55 (D. Mass. 1993) (federal sentence does not need to consider or account for time served pursuant to a state sentence).  Babcock has failed to identify any federal rights or laws which have been allegedly violated, and, therefore, his habeas petition should be dismissed.

Babcock himself described the issue presented to the Appeals Court as being "Whether Massachusetts Statutory and Decisional Law requires Babcock's State 'from and after' sentences, ordered to be served after expiration of the Federal Sentence 'presently' being served in 1988, to have begun in 1990 . . . and, therefore, entitling Babcock to immediate release from custody."  SA 12.  Thus, Babcock, himself, has admitted that he is raising only a question of state law.  As the court held in United States v. Wiles, 198 F. Supp. 177 (D.C. W.Va. 1961), in language applicable here, "[t]he real

question is whether his state sentence is running concurrently with or consecutively to his federal sentence. Only the state court can answer this[.]" Id. at 180. Babcock's federal habeas petition, therefore, should be denied.[5]

### C. The State Court's Factual Determination Was Not Unreasonable

If Babcock has not stated a violation of his federal rights, the habeas court cannot reach the issue whether the state court's factual determination was reasonable. See Swarthout, 2011 WL 197627, at *3 ("The Ninth Circuit's questionable finding that there was *no* evidence in the record supporting the parole denials is irrelevant unless there is a federal right at stake, as § 2254(a) requires."). However, even assuming, arguendo, that Babcock has stated a violation of his federal rights, the habeas petition must still be dismissed. He has not established that the Appeals' Court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Babcock contends that the Massachusetts Appeals Court (1) erroneously relied on federal case law pertaining to the Federal Sentencing Guidelines, which were not

---

[5] While Babcock in his petition does state that the Appeals Court's actions resulted in his illegal confinement "in violation of the United States Constitution" (Pet. at 3), he does not give any further explanation of the Constitutional rights to which he is referring. This is insufficient to raise a federal constitutional claim before this habeas court. To satisfy the habeas exhaustion requirement, the petitioner "must have presented both the factual and legal underpinnings of his claim to the state courts[,]" providing enough of a presentation "to alert the [state] court to the claim's federal nature." Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989) (internal quotation omitted). Babcock did not present any part of his claim as a federal constitutional claim to the Appeals Court.

applicable to his sentence, and (2) did not consider the affidavit of the Assistant District Attorney, which allegedly would have supported his argument as to the intent of the sentencing judge. Pet. (Docket No. 1) at 6-9. These arguments are not supported by the record.

The Appeals Court reviewed federal case law interpreting 18 U.S.C. § 924(c)(1) along with the language of the statute itself, and concluded that it required "*an aggregate sentence* some five years longer than that which would result from the underlying . . . offense[.]" Babcock, 71 Mass. App. Ct. at 692, 885 N.E.2d at 857 (internal quotation and citation omitted). It further concluded that "the long-standing view of the Federal courts that sentences imposed under § 924(c) and an underlying felony should be seen as 'interdependent' or a 'package' remains intact." Id. Contrary to Babcock's contention, this was the courts' view of the statute both before and after the Sentencing Guidelines went into effect. See, e.g., United States v. Rodriguez, 112 F.3d 26, 30 (1st Cir. 1997) ("under both the Guidelines and our pre-Guidelines precedent," defendant's sentence for a drug trafficking offense and the § 924(c) enhancement "may be considered as a 'sentencing package.'"). See also United States v. Sanders, 197 F.3d 568, 573 (1st Cir. 1999) (sentence for underlying drug crime and § 924(c) sentence, "like federal sentences in general, was a package"). Thus, Babcock has not established that the Appeals Court erred in its interpretation of federal law.

The cases relied on by Babcock do not compel a different result. Baranow v. Comm'r of Corr., 1 Mass. App. Ct. 831, 297 N.E.2d 67 (1973), involved the sentencing

of the defendant for several unrelated crimes over a period of years. The question was whether, given the language used by the sentencing judge and the facts presented there, certain of the sentences should have been consecutive or concurrent. The case did not address a sentence for § 924(c) which, along with the sentence for the underlying crime, resulted in convictions which were "interdependent and resulted in an aggregate sentence, not sentences which may be treated discretely[.]" United States v. Easterling, 157 F.3d 1220, 1223 (10th Cir. 1998) (internal citation and quotation omitted). Similarly, in Henschel v. Comm'r of Corr., 368 Mass. 130, 330 N.E.2d 480 (1975), on which Babcock relies, the defendant had been sentenced for unrelated crimes at distinct periods, and the issue was when he would be eligible for parole. Again, the case did not involve § 924(c), which is dependent upon and interrelated with an underlying felony. These cases are factually distinct from the instant case. The petitioner has cited to no cases where a § 924(c) sentence was not found to be aggregated with the sentence for the underlying felony.[6] See also United States v. Hansen, 434 F.3d 92, 104 (1st Cir. 2006) ("We have repeatedly held that Congress intended § 924(c)'s firearm violation to serve as a *cumulative punishment* in addition to that provided for the underlying violent crime") (internal quotation omitted, emphasis added).

---

[6] The Commonwealth also cites to 18 U.S.C. § 3584(c), enacted in 1984, which provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." While supportive of the Appeals Court's decision, there is no indication that the Court relied on this statute.

Similarly unsupportable is the petitioner's interpretation of the ADA's Affidavit. The ADA repeatedly asserted that the sentencing was premised on the state sentences following the conclusion of all the federal sentences, and that the federal sentences were not considered as two distinct sentences. See, e.g., SA 255-59 at ¶¶ 6-7, 12-13. The ADA repeatedly asserted that the record reflected "Judge Sheehan's intention that the state prison sentence be served from and after the entire federal sentence that was imposed on July 28, 1987, not just one portion of the federal sentence." SA 258 at ¶ 12. The Appeals Court did not err by ignoring or misinterpreting the ADA's affidavit.

In connection with his habeas petition, Babcock "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 598 (1st Cir. 2001). He has not met his burden. The Massachusetts Appeals Court correctly interpreted federal law, and reached the same conclusion as the ADA (who attended the sentencing) as to the sentencing judge's intention. The Appeals Court explained, inter alia, that the only reference to "concurrent" sentences related to the order that the state sentences be served concurrently, and that the sentencing judge in no way indicated that any of the state sentences were to be served concurrently with any portion of the federal sentences. The Appeals Court's analysis was logical and supported by the record. Babcock has not established that the Massachusetts Appeals Court made an "unreasonable determination of facts."

## IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Babcock's petition for a writ of habeas corpus be DENIED.[7]

                                        / s / Judith Gail Dein
                                        Judith Gail Dein
                                        United States Magistrate Judge

---

[7] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).